1

2                                                               O

3

4

5

6

7

8                   **UNITED STATES DISTRICT COURT**

9                   **CENTRAL DISTRICT OF CALIFORNIA**

10

11  Margaret Morris,              )   CV 08-5321 RSWL (JCx)
                                   )
12              Plaintiff,         )
                                   )   **ORDER RE: DEFENDANTS'**
13      vs.                        )   **MOTION FOR SUMMARY**
                                   )   **JUDGMENT OR, IN THE**
14                                 )   **ALTERNATIVE, PARTIAL**
                                   )   **SUMMARY JUDGMENT[116]**
15  Kenneth Atchity; Atchity      )
    Entertainment                 )
16  International, John Reid,      )
    Sonic Age Ltd., The           )
17  Writer's Lifeline Inc.,       )
                Defendants.        )
18  _____)

19

20      On October 5, 2010, Defendants' Motion for Summary

21  Judgment or, in the alternative, Partial Summary

22  Judgment [116] came on for regular calendar before this

23  Court.

24      The Court having reviewed all papers submitted

25  pertaining to this Motion and having considered all

26  arguments presented to the Court, **NOW FINDS AND RULES**

27  **AS FOLLOWS:**

28  ///

                             1

1    The Court hereby **DENIES IN PART AND GRANTS IN PART**
2    Defendants' Motion for Summary Judgment, or in the
3    alternative, Partial Summary Judgment.
4    Summary judgment is appropriate when the pleadings,
5    affidavits, and other supporting papers demonstrate
6    that there are no genuine issues of material fact, and
7    the moving party is entitled to prevail as a matter of
8    law.  Fed. R. Civ. P. 56(c); <u>Celotex Corp. v. Catrett</u>,
9    477 U.S. 317, 322 (1986).  When making this
10   determination, the Court must view the record in the
11   light most favorable to the non-moving party.  <u>Anderson</u>
12   <u>v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 255 (1986).  A
13   "genuine" dispute is one that is supported by evidence
14   sufficient to permit a reasonable jury to find in favor
15   of the nonmoving party.  <u>Id.</u> at 247-48.
16   Defendants first assert Summary Judgment as to all
17   claims against Defendant John Reid on the grounds that
18   the Court lacks personal jurisdiction.  As to all
19   Defendants, seven grounds are asserted for Summary
20   Judgment, or in the alternative, Partial Summary
21   Judgment: 1) As to Plaintiff's claim for Copyright
22   Infringement, no reasonable juror could find
23   substantial similarity between Plaintiff's Work, "Jesus
24   Augustus: From Imperial Cult to Christianity"
25   (hereinafter, "Work"), and the novel based on the Work,
26   "The Ashes of Christ / The August God" (hereinafter,
27   "Derivative Work"), 2) as to Plaintiff's claim for
28   Breach of Implied Contract, the claim is preempted by

1  the Copyright Act, 3) as to Plaintiff's claim for

2  Fraud, no reasonable juror could find that Defendants

3  acted with fraudulent intent or that Plaintiff suffered

4  any damage as a result of any misrepresentation, 4) as

5  to Plaintiff's claim for Interference with Prospective

6  Economic Advantage, Plaintiff cannot establish each

7  element of the claim as a matter of law, 5) as to

8  Plaintiff's claim for Accounting, Plaintiff has failed

9  to establish any basis for Defendants' liability that

10  entitles her to such a remedy, 6) as to Plaintiff's

11  claim for Declaratory Relief, there is no genuine issue

12  of material fact as to Plaintiff's lack of ownership of

13  the copyright in the Derivative Work, and 7) as to

14  Defendants' counterclaims for Fraud on the Copyright

15  Office, Declaratory Judgment for Non-Infringement, and

16  Defamation against Defendant Dr. Kenneth Atchity, there

17  are no genuine issues of material fact precluding

18  judgment in favor of Defendants on these counterclaims.

19      1.   Personal Jurisdiction

20      The exercise of personal jurisdiction over a

21  nonresident Defendant requires the presence of two

22  factors: 1) the forum state's laws must provide a basis

23  for exercising personal jurisdiction, and 2) the

24  assertion of personal jurisdiction must comport with

25  due process. Hirsch v. Blue Cross, Blue Shield, 800

26  F.2d 1474, 1477 (9th Cir. 1986).  The California long-

27  arm statute permits the exercise of jurisdiction "on

28  any basis not inconsistent with the Constitution . . .

3

of the United States."  Cal. Civ. Proc. Code § 410.10.
This statute renders the state and federal limits of
jurisdiction coextensive.  <u>Roth v. Garcia Marquez</u>, 942
F.2d 617, 620 (9th Cir. 1991).  Thus, only a due
process analysis is required.

Due process requires that a defendant have "certain
minimum contacts with [the forum] such that the
maintenance of the suit does not offend traditional
notions of fair play and substantial justice."  <u>Int'l
Shoe Co. v. Washington</u>, 326 U.S. 310, 316 (1945).  The
defendant's contacts must be "such that the [defendant]
should reasonably anticipate being haled into court
there."  <u>World-Wide Volkswagen Corp. v. Woodson</u>, 444
U.S. 286, 297 (1980).  Depending upon the nature and
scope of the defendant's contacts with the forum,
jurisdiction may be general or specific to the cause of
action.  <u>Roth</u>, 942 F.2d at 620 (citing <u>Data Disc v.
Sys. Tech. Assoc.</u>, 557 F.2d 1280, 1287 (9th Cir.
1977)).

The Court finds there is no genuine issue of
material fact as to whether this Court has personal
jurisdiction over Defendant John Reid.  First, the
Court finds no genuine issue of material fact exists as
to whether Reid possesses sufficient minimum contacts
with the state of California in order to support a
finding that this Court has either general or specific
jurisdiction over Reid.  Second, the Court finds that
Reid is not an alter-ego of Defendant Sonic Age Ltd.

4

1  (hereinafter, "Sonic Age"), and accordingly personal
2  jurisdiction over Reid cannot be supported on this
3  alternate basis.

     A.  *Minimum Contacts*

5       The Court finds that Reid does not possess
6  sufficient "minimum contacts" with California to
7  support a finding that this Court has personal
8  jurisdiction over Reid.  Plaintiff's arguments that
9  Reid has minimum contacts with the state stemming from
10  his business and personal relationships are
11  unpersuasive.  Plaintiff fails to put forth sufficient
12  evidence to show that Reid, who the Court finds has
13  resided in and been domiciled in the United Kingdom his
14  entire life, maintained substantial contacts with
15  California in his individual capacity such that he
16  could reasonably expect to be haled into Court in this
17  state.  The evidence offered by Plaintiff is
18  insufficient to raise a triable issue of fact as to
19  whether he possesses the constitutionally required
20  minimum contacts with California, and accordingly this
21  Court's personal jurisdiction over Reid cannot be
22  supported on this basis.

     B.  *Alter-Ego*

24       Plaintiff asserts an alternate basis for this
25  Court's personal jurisdiction over Defendant Reid: that
26  Reid is an alter-ego of his company, Sonic Age.

27       The existence of a relationship between a parent
28  and its subsidiaries is not sufficient alone to

establish personal jurisdiction over the parent on the basis of the subsidiaries' minimum contacts with the forum.  See Transure, Inc. v. Marsh & McLennan, Inc., 766 F.2d 1297, 1299 (9th Cir. 1985).  Nonetheless, under the alter-ego exception "if the parent and subsidiary are not really separate entities ... the local subsidiary's contacts with the forum may be imputed to the foreign parent corporation." Doe I v. Unocal Corp., 27 F.Supp.2d 1174, 1186 (9th Cir. 1998) (quotation omitted).  "To satisfy [this] alter ego exception ... the plaintiff must make out a prima facie case 1) that there is such unity of interest and ownership that the separate personalities no longer exist and 2) that failure to disregard their separate identities would result in fraud or injustice." Harris Rutsky & Co. Ins. Servs., Inc. v. Bell & Clements Ltd., 328 F.3d 1122, 1134 (9th Cir. 2003).  The plaintiff must show that "the parent exercises such control over the subsidiary so as to render the latter the mere instrumentality of the former." Id. (quotation omitted).

      The Court finds that the underlying facts support a finding that Defendants Reid and Sonic Age are distinct and not alter-egos of one another.  Plaintiff has failed to put forth any evidence or facts to support a finding that Reid is using Sonic Age solely to shield himself from personal liability or that he has taken any actions suggesting that the required unity of

interest is present.  Therefore, Plaintiff's arguments
fail to establish that a genuine issue of material fact
exists as to whether Defendants Reid and Sonic Age are
alter-egos of one another.

Accordingly, Defendants' Motion for Summary
Judgment as to all claims against Defendant Reid is
**GRANTED**.

2.  <u>Copyright Infringement of the Original Work</u>
     (First Cause of Action)

To establish copyright infringement, a plaintiff
must prove two elements: 1) ownership of a valid
copyright, and 2) copying of protected elements of the
plaintiff's work.  See <u>Feist Publ'ns, Inc. v. Rural
Tel. Serv. Co.</u>, 499 U.S. 340, 361 (1991).

Copying may be established by showing that the
works in question are "substantially similar in their
protected elements" and that the infringing party had
access to the copyrighted work.  <u>Metcalf v. Bochco</u>, 294
F.3d 1069, 1072 (9th Cir. 2002).

In analyzing whether the two works are
substantially similar, the court must first distinguish
between the protectable and unprotectable material
because a party claiming infringement may place "no
reliance upon any similarity in expression resulting
from unprotected elements." <u>Apple v. Microsoft</u>, 35
F.3d 1435, 1446 (9th Cir. 1994) (quotation omitted).
Then, a two-part test is used to determine whether the
two works are substantial similar: an "intrinsic" and

1  "extrinsic" test.  The extrinsic test "objectively
2  considers whether there are substantial similarities in
3  both ideas and expression, whereas the intrinsic test
4  ... measure[s] expression subjectively." Id. at 1442.

5       Generally, "only the 'extrinsic' test is ...
6  employed at summary judgment, as the 'intrinsic' test
7  should generally be reserved for the ultimate finder of
8  fact." Idema v. Dreamworks, Inc., 162 F.Supp.2d 1129,
9  1177 (2001).  If a court concludes, after analyzing the
10 objective criteria under the extrinsic test, that
11 "reasonable minds might differ as to whether there is
12 substantial similarity between the protected expression
13 of ideas in two literary works, and the record supports
14 the district court's conclusion, there is a triable
15 issue of fact that precludes summary judgment." Shaw
16 v. Lindheim, 919 F.2d 1353, 1361. (9th Cir. 1990).

17      Defendants contend the two works are similar only
18 in their use of a historical theory and the underlying
19 facts of this theory, both of which fall outside the
20 scope of copyright protection.  See Benay v. Warner
21 Bros. Entm't Inc., 607 F.3d 620, 624 (9th Cir. 2010)
22 ("[H]istorical facts are ... unprotected by copyright
23 law"); see also Feist Publ'ns, Inc. v. Rural Tel. Serv.
24 Co., 499 U.S. 340, 344-45 (1991) (quoting Harper & Row,
25 Publishers, Inc. v. Nation Enters., 471 U.S. 539, 559
26 (1985)) ("The most fundamental axiom of copyright law
27 is that 'no author may copyright his ideas or the facts
28 he narrates.'"). Defendants argue no reasonable juror

1 could conclude that the Derivative Work is
2 substantially similar to any protected expression in
3 Plaintiff's Work.

4     The Court finds that genuine issues of material
5 fact remain on this cause of action.  Plaintiff puts
6 forth sufficient evidence to rebut Defendants' claim
7 that the two works share only a historical theory and
8 that theory's underlying facts, and the Court finds
9 that based on the facts presented reasonable minds
10 might differ as to whether there are substantial
11 similarities between the two works with respect to the
12 protected expression of ideas contained in Plaintiff's
13 literary work.

14     Accordingly, this Court **DENIES** Defendants' Motion
15 for Summary Judgment as to Plaintiff's first cause of
16 action for Copyright Infringement.

17     3.   Breach of Implied Contract (Seventh Cause of
18         Action)

19     The Ninth Circuit has incorporated a two prong test
20 to determine whether a state law claim is preempted by
21 the Copyright Act, 17 U.S.C. § 301.  First, the work at
22 issue must fall within the subject matter of copyright.
23 See Del Madera Props. v. Rhodes & Gardner, Inc., 820
24 F.2d 973, 976 (9th Cir. 1987), overruled on other
25 grounds recognized by Downing v. Abercrombie & Fitch,
26 265 F.3d 994, 1003 (9th Cir. 2001).  Second, the state
27 law claim must be "equivalent to any of the exclusive
28 rights within the general scope of copyright as

1    specified by Section 106 [of the Copyright Act]."   _Id._

2         Defendants contend Plaintiff's state law claim for

3    breach of implied contract meets this two prong test

4    and is preempted by the Copyright Act because

5    Plaintiff's claim asserts rights based on her Work,

6    which falls within the subject matter of copyright, and

7    is only seeking to protect her exclusive rights to use

8    and authorize use of the Work.

9         Defendants fail to present sufficient evidence to

10   support this argument, and the Court finds that genuine

11   issues of material fact still remain as to whether

12   Plaintiff's claim meets the two prong test for

13   preemption.

14        Specifically, Defendants fail to show that no

15   genuine issues of material fact remain as to whether

16   Plaintiff's claim is based on the submission of her

17   idea to Defendants, which is not protected by

18   copyright, or if the claim is instead asserting rights

19   based on her copyright protected Work.  _See_ _Grosso v._

20   _Miramax Film Corp._, 383 F.3d 965, 968 (9th Cir. 2004),

21   amended 400 F.3d 965 (9th Cir. 2005), cert denied 126

22   S.Ct. 261 (2005).

23        Moreover, genuine issues of material fact remain

24   regarding whether Plaintiff's state law claim meets the

25   second test for preemption.  Plaintiff presents

26   sufficient evidence to raise a triable issue of fact

27   regarding whether her claim seeks to protect her right

28   to use and authorize use of the Work or if it instead

involves the submission of her idea to Defendants with
the expectation of compensation, and therefore alleges
an "extra element" that aims to protect rights
qualitatively different from those protected by the
Copyright Act. <u>See</u> <u>id.</u> (holding that a state cause of
action is not preempted by the Copyright Act if it
"alleges an 'extra element' that changes the nature of
the action").

Accordingly, as Defendants' have failed to
demonstrate that no genuine issues of material fact
remain regarding whether Plaintiff's state law breach
of implied contract claim is preempted by the Copyright
Act, Defendants' Motion for Summary Judgment on this
cause of action is **DENIED.**

4. <u>Fraud</u> (Eighth Cause of Action)

To state a claim for fraud, a plaintiff must
allege: 1) misrepresentation, 2) knowledge of its
falsity, 3) intent to defraud, 4) justifiable reliance,
and 5) damages. <u>See</u> <u>Lazar v. Superior Court</u>, 12 Cal.
4th 631, 638 (1996); <u>see also</u> <u>Vess v. Ciba-Geigy Corp.
USA</u>, 317 F.3d 1097, 1005 (9th Cir. 2003).

Plaintiff argues that Defendants made multiple
misrepresentations by telling Plaintiff they would work
on her behalf without revealing their true intentions
of moving ahead on a new deal without her, and points
to later events as proof that these statements were
fraudulent.

The Court finds that Plaintiff fails to present

11

affirmative evidence to support a finding that Defendants made these alleged statements with an intent to defraud Plaintiff at the time that they were made. Plaintiff's allegations that the end result proves the statements were fraudulent is insufficient to raise a triable issue of fact regarding Defendants' intent, as mere nonperformance of a promise is insufficient to show intent to defraud and "affirmative evidence of [this intent] is necessary to avoid summary judgment." Fanucchi & Limi Farms v. United Agri Products, 414 F.3d 1075, 1088 (9th Cir. 2005); see also Conrad v. Bank of America, 53 Cal. Rptr. 2d 336 ("[I]n order to support a claim of fraud based upon the alleged failure to perform a promise, it must be shown that the promisor did not intend to perform at the time the promise was made.").

Accordingly, Defendants have shown that no genuine issue of material fact exists as to the elements of Plaintiff's claim for fraud, specifically as to whether Defendants' possessed the requisite fraudulent intent at the time the alleged statements were made. Defendants' Motion for Summary Judgment as to Plaintiff's eighth cause of action for Fraud is hereby **GRANTED**.

    5.   Intentional Interference with Prospective Economic Advantage (Ninth Cause of Action)

The elements of a cause of action for intentional interference with prospective economic advantage are:

1  1) an economic relationship between the plaintiff and

2  another, containing a probable future economic benefit

3  or advantage to plaintiff, 2) defendant's knowledge of

4  the existence of the relationship, 3) defendant's

5  intentional conduct was designed to interfere with or

6  disrupt the relationship, 4) defendant's intentional

7  conduct was wrongful by some legal measure other than

8  the fact of interference itself, 5) actual disruption

9  of the relationship, and 6) damage to the plaintiff as

10 a result of defendant's acts.  See Marin Tug & Barge,

11 Inc. v. Westport Petroleum, Inc., 271 F.3d 825, 831

12 (9th Cir. 2001) (citing Della Penna v. Toyota Motor

13 Sales, U.S.A., Inc., 11 Cal. 4th 376, 392-393).

14      Defendants have shown no genuine issue of material

15 fact exists as to Defendants' liability on this cause

16 of action.  Plaintiff has failed to present facts to

17 raise a triable issue of fact regarding whether she had

18 a prospective economic relationship that was

19 intentionally interfered with by Defendants.

20      Plaintiff argues in her Opposition that Defendants

21 interfered with two prospective economic relationships:

22 1) plans to promote and pitch Plaintiff's Work to the

23 top executive editors at each of the major publishing

24 houses with whom Defendant Atchity allegedly had

25 professional contacts, and 2) an offer to option

26 Plaintiff's film rights that was allegedly made by

27 filmmaker Brian Flemming.

28      However, Defendants successfully show that no

13

genuine issue of material fact exists as to whether Plaintiff had a potential economic relationship with either the top editors or Brian Flemming.  Plaintiff does not present evidence of existing contracts or any type of existing economic relationship, and thus fails to raise a triable issue of fact as to whether she had a relationship with these third parties that contained a probable future economic benefit or advantage.  <u>See Herman v. United Broth. of Carpenters & Joiners of Am., Local Union No. 971</u>, 60 F.3d 1375, 1386 (9th Cir. 1995) (holding that plaintiff "cannot survive summary judgment on her [intentional interference with prospective] economic advantage claim because she has failed to allege any facts tending to show she had a prospective contractual relationship with a third party").

Moreover, the Court finds there is an absence of evidence that Defendants intentionally took any action that interfered with the alleged relationships. Plaintiff's allegations, that Defendants knew about these potential relationships and took action to cut her out of any potential business deals, are purely speculative and lack supporting evidence sufficient to create a genuine issue of fact.

As such, Plaintiff's arguments cannot support a finding that Defendants intentionally interfered with any of Plaintiff's alleged prospective economic relationship.  No genuine issue of material fact exists

as to this claim, and Defendants' Motion for Summary Judgment on this cause of action is hereby **GRANTED**.

6.  <u>Accounting</u> (Eleventh Cause of Action)

The right to an accounting is dependent on the validity of the underlying claims for relief. <u>See Duggal v. G.E. Capital Comm'cns Servs., Inc.</u>, 81 Cal. App. 4th 81, 95 (2000). Because the Court has **DENIED** Summary Judgment on two of the four preceding causes of action, this Court **DENIES** Defendants' Motion for Summary Judgment on the eleventh cause of action for Accounting.

7.  <u>Declaratory Relief</u> (Twelfth Cause of Action)

The Court **DENIES** Defendants' Motion for Summary Judgment on the twelfth cause of action for Declaratory Relief. A genuine issue of material fact remains as to the respective rights of the parties in the Derivative Work, as the Court has **DENIED** Defendants' Motion for Summary Judgment on Plaintiff's first cause of action for copyright infringement.

8.  <u>Defendants' Counterclaims</u>

Defendants finally move for Summary Judgment on the three counterclaims: 1) Fraud on the Copyright Office, 2) Declaratory Judgment for Non-Infringement, and 3) Defendant Atchity's counterclaim for Defamation.

A.  *Fraud on the Copyright Office*

With regard to Defendants' Motion for Summary Judgment on the counterclaim for Fraud on the Copyright Office, the Court **DENIES** Summary Judgment. The Court

15

finds that Defendants do not satisfy their burden of
showing there is no genuine issue of material fact as
to whether Plaintiff had the required intent to defraud
the Copyright Office at the time she filed her
copyright pre-registration application that stated she
was both the author and copyright holder to the
Derivative Work.  Plaintiff raises a triable issue of
fact as to whether she filed this application in a good
faith belief that she owned the rights to the
Derivative Work at the time, and accordingly
Defendants' Motion is **DENIED**.

B.   *Declaratory Judgment*

As the Court has **DENIED** Defendants' Motion for
Summary Judgment on Plaintiff's first cause of action
for Copyright Infringement, the Court also **DENIES**
Defendants' Motion for Summary Judgment on the
Counterclaim for Declaratory Judgment for Non-
Infringement.

C.   *Defamation*

Defamation under California law "involves the
intentional publication of a statement of fact that is
false, unprivileged, and has a natural tendency to
injure or which causes special damage." <u>Smith v.
Maldonado</u>, 72 Cal. App. 4th 637, 645 (1999).

The Court finds that genuine issues of material
fact still exist as to whether Plaintiff's statement in
the application for pre-registration with the Copyright
Office constitutes defamation per se, as Plaintiff has

raised a triable issue of fact regarding the truth of the statement.  See Raghavan v. Boeing Co., 133 Cal. App. 4th 1120, 1132 (2005) (noting that in all cases of alleged defamation, "the truth of the offensive statements ... is a complete defense against civil liability, regardless of bad faith or malicious purpose").

Therefore, this Court **DENIES** Defendants' Motion for Summary Judgment on Defendant Atchity's counterclaim for Defamation.

**IT IS SO ORDERED.**

Dated: October 15, 2010

RONALD S.W. LEW

**HONORABLE RONALD S.W. LEW**

Senior, U.S. District Court Judge