O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARGARET MORRIS, an individual<br><br>            Plaintiff,<br><br>   vs.<br><br>KENNETH ATCHITY, et al.,<br><br>           Defendants. | CV 08-5321-RSWL (JCx)<br><br>**ORDER** Re: Defendant Sonic Age, Ltd.'s Motion for Judgment as a Matter of Law [197] |

On September 14, 2011, Defendant Sonic Age, Ltd.'s ("Defendant") Motion for Judgment as a Matter of Law [197] came on for regular calendar before the Court. The Court having reviewed all papers submitted pertaining to this Motion and having considered all arguments presented to the Court, **NOW FINDS AND RULES AS FOLLOWS:**

Defendant's Motion for Judgment as a Matter of Law is **DENIED.**

1

1   On April 12, 2011, a six-day trial commenced in
2 this Action.  On April 18, 2011, at the close of
3 Defendant's case, Defendant brought a Motion for
4 Judgment as a Matter of Law.  The Court denied this
5 Motion [172].  On April 20, 2011, the jury returned its
6 verdict [181].  The jury found that Defendants did not
7 infringe on Plaintiff Margaret Morris's copyright; that
8 Defendant Sonic Age had breached an implied contract
9 with Plaintiff, awarding Plaintiff $70,000.00 in
10 damages arising from this breach; that Defendant The
11 Writer's Lifeline had not breached an implied contract
12 with Plaintiff; and that Plaintiff had defamed
13 Defendant Kenneth Atchity, awarding Defendant Atchity
14 $1.00 in damages arising from this defamation.
15   On July 20, 2011, Defendant renewed its original
16 Motion for Judgment as a Matter of Law pursuant to
17 Federal Rule of Civil Procedure 50(b) by filing this
18 present Motion for Judgment as a Matter of Law [197] as
19 to Plaintiff's seventh cause of action for breach of
20 implied contract.  Defendant argues that it is entitled
21 to a judgment as a matter of law on the cause of action
22 for breach of implied contract because it is preempted
23 by the Copyright Act and because there was no evidence
24 that would have allowed damages to be ascertained with
25 reasonable certainty and probability.
26   First, as a preliminary matter, the Court finds
27 that Defendant's Motion is procedurally proper with
28 respect to the award of damages, as Defendant raised

its argument that damages could not be ascertained with certainty based on the evidence presented at the close of its case, thus preserving the objection for a renewed judgment as a matter of law.

However, the Court finds all issues raised by Defendant's Motion to be insufficient to warrant judgment as a matter of law.  The standard for overturning a jury verdict is substantial, and Defendant has not shown that "there is no legally sufficient evidentiary basis for a reasonable jury to find for [Plaintiff] on that issue."  <u>Winato v. Toshiba Elecs. Components, Inc.</u>, 274 F.3d 1276, 1283 (9th Cir. 2001) (quoting <u>Reeves v. Sanderson Plumbing Prods., Inc.</u>, 530 U.S. 133, 149 (2000)).  Viewing the evidence in the light most favorable to the nonmoving party, the Court finds that the evidence presented at Trial is sufficient to support both the jury's finding regarding the Copyright Act's failure to preempt Plaintiff's claim for breach of implied contract and the jury's award of compensatory damages for such claim.

Specifically, the Court finds that Plaintiff presented evidence to support a finding that her claim for breach of implied contract asserted rights that were qualitatively different from the rights protected by copyright and therefore alleged the needed "extra element" to distinguish it from a copyright claim. <u>Grosso v. Miramax Film Corp.</u>, 383 F.3d 965, 968 (9th Cir. 2004), amended 400 F.3d 965 (9th Cir. 2005); <u>see</u>

also <u>Montz v. Pilgrim Films & Television, Inc.</u>, No. 08-56954, 2011 WL 1663119, at *5 (9th Cir. May 4, 2011) ("copyright law does not preempt an implied contractual claim to compensation for use of a submitted idea.").

In addition, with regard to damages, the Court finds that Plaintiff produced sufficient testimony as to the value of Plaintiff's idea to allow the jury to calculate damages with requisite certainty. Accordingly, the Court **DENIES** Defendant's Motion for Judgment as a Matter of Law.

**IT IS SO ORDERED.**

DATED: September 20, 2011

        <u>RONALD S.W. LEW</u>
        **HONORABLE RONALD S.W. LEW**
        Senior, U.S. District Court Judge